**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RASOOL JENKINS, | : | Civil No.: 09-4989 (FLW) |
| Plaintiff, | : |  |
| v. | : | **O P I N I O N** |
| COMMISSIONER GEORGE HAYMAN, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    RASOOL JENKINS, Plaintiff <u>Pro Se</u>
    #126926/#9
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625

    LAURA EYTAN, ESQ.
    OFFICE OF ATTORNEY GENERAL OF NEW JERSEY
    R.J. Hughes Justice Complex
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625
    Counsel for Defendants

**WOLFSON,** District Judge

    This matter comes before the Court upon the motion of <u>pro se</u> plaintiff, Rasool Jenkins ("Jenkins") for reconsideration (Docket entry no. 37) of this Court's Opinion and Order entered on May 6, 2010, which dismissed plaintiff's claims alleging false disciplinary charges, denial of disciplinary due process and denial of appointment of counsel.  (Docket entry nos. 5 and 6).

It appears that Jenkins first raised his request for reconsideration in a letter to this Court, dated July 26, 2010, which was not docketed until December 3, 2010. (Docket entry no. 27). Jenkins's applications are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion for reconsideration will be denied.

## I. BACKGROUND

In his initial Complaint, Jenkins asserted claims of excessive force, failure to protect and denial of medical care in violation of his Eighth Amendment rights, as well as a claim of retaliation in violation of his First Amendment rights against numerous defendants regarding an incident occurring on or about July 9, 2008. In an Opinion and Order entered on May 6, 2010, this Court, after screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, allowed these claims to proceed, but dismissed plaintiff's claims asserting false disciplinary charges and denial of disciplinary due process. The Court also denied without prejudice Jenkins's request for appointment of counsel. See May 6, 2010 Opinion at Docket entry no. 5, pp. 10-30.

On June 23, 2010, Jenkins filed a motion for leave to file an amended Complaint. Although plaintiff's proposed amendment was unclear, it would appear that Jenkins may have intended to amend his Complaint to add factual allegations concerning his attempt to file criminal charges against certain correctional

officers at Southern State Correctional Facility ("SSCF") who had "brutally assaulted" plaintiff on or about July 9, 2008. Jenkins attached letters to and from the Superior Court of New Jersey for Cumberland/Gloucester/Salem Vicinage and the Maurice River Municipal Court to document his unsuccessful attempts to file charges. (Docket entry no. 12). On July 15, 2010, defendants' counsel wrote to the Court to inform that, as no responsive pleading had yet been filed, plaintiff's motion to amend his Complaint did not require consent from the opposing party or leave of court pursuant to Fed.R.Civ.P. 15(a)(1)(B). (Docket entry no. 15). The Honorable Lois H. Goodman, United States Magistrate Judge, granted plaintiff's motion to amend his Complaint on September 22, 2010. (Docket entry no. 21).

In a letter addressed to this Court, dated July 26, 2010, Jenkins wrote to complain that defendants' answer to his Complaint was overdue and that certain defendants, namely CO Weinstein, CO Manera and Nurse Hally, had not yet been served.[1]

---

[1] This Court notes the apparent confusion and delay in defendants answering the Complaint in this action. On June 22, 2010, defendants had requested an extension of time to answer the Complaint. On June 23, 2010, plaintiff filed his motion to amend the Complaint, but no amended Complaint was actually filed. Moreover, it appears that all defendants had not yet been served at that time, thus contributing to the defendants' request for an extension of time to answer.
On November 17, 2010, Magistrate Judge Goodman issued a text order instructing the parties to notify the Court as to the status of the case within 14 days. On December 1, 2010, defendants again requested an extension to answer the Complaint. Jenkins also wrote to the Court on November 29, 2010, (docket

Jenkins also expressed some confusion as to his motion to amend his Complaint, as well as the Court's Opinion and Order of May 6, 2010 which had dismissed his claims of false disciplinary charges and denial of disciplinary due process.  This letter was received in chambers in August 2010, but was not docketed until December 3, 2010.  (Docket entry no. 27).

     On January 17, 2011, Jenkins filed a motion for reconsideration of the Court's Opinion and Order of May 6, 2010, which had dismissed his claims of false disciplinary charges and denial of disciplinary due process.  (Docket entry no. 37, docketed on January 21, 2011).  Jenkins explained that his delay in seeking reconsideration was due to his inexperience with the law.  He stated that his claims should be reinstated because he

---

entry no. 29), in response to the text order.  He again expressed confusion and ignorance as to the law and procedure with regard to his case.
     On January 3, 2011, a telephone conference was held before Magistrate Judge Goodman.  It was directed that service of the remaining defendants, namely Weinstein and Manera, be accomplished by January 10, 2011, and that an answer be filed by January 24, 2011.  (Docket entry no. 33).  On January 6, 2011, counsel for defendants wrote to the Court advising that defendant Weinstein agreed to waive service, and that there remained some difficulty in reaching defendant Manera, who had retired from service.  Accordingly, Manera's last known address would be provided for Marshal's service on January 12, 2011, if counsel was unsuccessful in reaching defendant before then.  A further extension of time to answer was granted on January 7, 2011 for defendants to answer the Complaint by January 24, 2011.  (Docket entry nos. 35, 36).
     On January 28, 2011, Magistrate Judge Goodman granted defendants' request for an extension of time to answer or otherwise move on behalf of all named defendants by March 1, 2011.  (Docket entry no. 38).

4

was the victim of a "set-up". Jenkins also sought reconsideration of his request for appointment of counsel, citing his ignorance of the law and his inability as a prisoner to locate and interview witnesses concerning his claims.

The defendants filed a letter brief, on February 3, 2011, in opposition to plaintiff's motion for reconsideration. (Docket entry no. 42).

## II.  ANALYSIS

A.  Motion for Reconsideration

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(I) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(I); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See

5

United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992);

6

Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(I) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an

opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Jenkins fails to provide any evidence or argument to show that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Rather, Jenkins merely rehashes his claim and asserts that the disciplinary charges were filed as a "set-up." Accordingly, his motion for reconsideration will be denied because Jenkins fails to satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

Finally, Jenkins' request for appointment of counsel is denied without prejudice. Jenkins demonstrates an ability to file pleadings and motions with this Court, and is capable of articulating his claims and prosecuting his case at this time. He has not demonstrated any changes in his ability to present his case that would necessitate appointment of counsel for the reasons as set forth in this Court's May 6, 2010 Opinion.

### III. CONCLUSION

Therefore, for the reasons expressed above, Jenkins' motion for reconsideration (Docket entry nos. 27, 37) will be denied. Further, plaintiff's request for appointment of counsel is denied without prejudice.  With respect to plaintiff's questions in his letter dated July 26, 2010 (Docket entry no. 27), concerning his motion to amend, defendants' answer and service of defendants, these issues have been addressed by text orders as referenced in this Opinion at fn. 1, and by the September 22, 2010 Order granting plaintiff's motion to amend his Complaint (Docket entry no. 21), and are therefore moot.  An appropriate Order follows.

s/Freda L. Wolfson<br>FREDA L. WOLFSON<br>United States District Judge

Dated: February 23, 2011